United States Courts
Southern District of Texas
F I L E D

**SEP 12 2022**

Nathan Ochsner
Clerk of Court

## UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### (Victoria Division)

| | | |
|---|---|---|
| INSTITUTE FOR ENERGY RESEARCH<br>2186 Briarglen Drive<br>Houston, TX 77027,<br><br>          Plaintiff,<br>     v.<br><br>FEDERAL ENERGY REGULATORY<br>COMMISSION<br>888 First Street, NE<br>Washington, DC 20426,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. _____ |

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff INSTITUTE FOR ENERGY RESEARCH for its complaint against Defendant

FEDERAL ENERGY REGULATORY COMMISSION ("FERC"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*
   for declaratory, injunctive, and other relief, seeking immediate processing and release of
   agency records responsive to two FOIA requests by Plaintiff.

2. This suits follows FERC's failure to search for, process or produce certain responsive
   information and/or records in violation of Defendant's lawful obligations and otherwise
   to comply with the express terms of FOIA.

### PARTIES

3. Plaintiff IER is a non-profit public policy institute organized under the laws of the State of
   Texas and recognized under section 501(c)3 of the tax code, with research, publication and
   other media functions, as well as a transparency initiative seeking public records relating to
   environmental and energy policy and how policymakers use public resources, all of which
   include broad dissemination of public information obtained under open records and freedom

of information laws. It operates as a domestic entity in Texas and as a foreign entity in jurisdictions other than Texas.

4.  Defendant FERC is an independent agency of the federal government that regulates the interstate transmission of electricity, natural gas, and oil. FERC also reviews proposals to build liquefied natural gas terminals and interstate natural gas pipelines as well as licensing hydropower projects. FERC operates throughout the United States, including in the Southern District of Texas.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) because the Plaintiff is a Texas corporation which "resides" in the Southern District of Texas and has its registered office in the Southern District of Texas.

6.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises under the laws of the United States, including the Freedom of Information Act.

7.  Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) because the Plaintiff is a Texas corporation which "resides" in the Southern District of Texas and has its registered office in the Southern District of Texas.

8.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e)(1) because the Plaintiff is a Texas corporation which "resides" in the Southern District of Texas and has its registered office in the Southern District of Texas and because no real property is at issue in this action.

9.  IER is not required to further pursue administrative remedies before seeking relief in this Court because it has already exhausted the administrative appeal process as regards the respective requests at issue.

10. IER has no obligation to further exhaust administrative remedies with respect to its FOIA requests. 5 U.S.C. § 552(a)(4)(B).

**PLAINTIFF'S JUNE 13, 2022 REQUEST**

11. On June 13, 2022, Plaintiff submitted by fax and email a request to Defendant seeking copies of all calendars kept by or for two named FERC officials over a two-month period.

12. Plaintiff's request noted (emphases in original), "Calendar as used herein includes **hard-copy calendars or appointment books** whether kept by the Commissioner, his or her Chief of Staff and/or any assistant in whole or in part for the Commissioner; **Outlook calendars and** *any* electronic system for maintaining appointments and the like for the Commissioner; **calendars on any phone** that is or has been used at any time for work-related purposes by the Commissioner or his or her Chief of Staff or named assistant, including but not limited to a phone(s) or other PDA issued to the named individual, whether Google/Gmail, Outlook or other."

13. Plaintiff also noted, *inter alia*, "This request thereby also requires a credible and non-conflicted search not only of all calendars as defined above (i.e., the Commission should not simply rely upon a request of the party/parties whose calendar is at issue in the request what they might have that is responsive)."

14. On June 10, 2022, Defendant acknowledged Plaintiff's June 13, 2022 request, stating, *inter alia*, "This request has been assigned reference number FOIA-2022-0057."

15. On July 13, 2022, Defendant purported to take an extension of time to respond to the June 13, 2022 request.

16. At no time did Defendant respond to Plaintiff's requests in the alternative for fee reduction or waiver, on the bases of public interest and its status as a media outlet.

17. On July 28, 2022, FERC produced 19 redacted calendar pages for each official which all appear to come from one discrete compendium. FERC withheld certain entries as exempt . claiming the information was "b5" "pre-decisional" and "deliberative" exempt information or exempt as "b6" personal/ personnel file-type information.

18. On August 9, 2022, Plaintiff IER administratively appealed FERC's decision, challenging Defendant's b5 redactions and attaching excerpts of the respective b5 redactions, on the basis that they improperly withhold information (purportedly under the deliberative process exemption). Plaintiff's challenge asserted, among other things, that the information behind FERC's redactions was purely factual information and cannot be characterized as exempt "deliberative" information.

19. Additionally, IER administratively challenged FERC's failure to search all reasonably likely locations of potentially responsive records, its failure to ensure that it had adequately searched for responsive records, and its failure to lawfully declare that it conducted a lawful and adequate search and/or had otherwise ensured that it had searched all possible repositories of potentially responsive records.

20. On September 7, 2022, Defendant FERC denied Plaintiff's administrative appeal.

**PLAINTIFF'S JUNE 14, 2022 REQUEST**

21. On June 14, 2022, Plaintiff submitted by fax and email a request to Defendant. The June 14, 2022 request sought copies of all bills for or covering mobile phones/devices issued to four named officials. It also sought other records reflecting inbound and outbound calls made and received, for specific periods of time. The stated periods ranged from six (6) to just over thirteen (13) months.

22. Plaintiff's request noted (emphases in original), "Records responsive to this request are certainly kept in a single, accessible and well-known place such that responding to this request should take a very small amount of time. *Consistent with FOIA and applicable judicial precedent, we request that FERC not redact phone numbers other than those that are properly 'personnel file'-type information (e.g., family).*"

23. On June 14, 2022, Defendant acknowledged this request, stating, *inter alia*, "This request has been assigned reference number FOIA-2022-0058."

24. On July 14, 2022, Defendant purported to take an extension of time to respond to this request.

25. At no time did Defendant respond to Plaintiff's requests in the alternative for fee reduction or waiver, on the bases of public interest and its status as a media outlet.

26. On July 28, 2022, FERC produced 3 records. One record related to each of three FERC employees out of a total of four FERC officials named in the request (the Commission stated in this letter that one of these senior officials had not been assigned a mobile phone by FERC for FERC-related telephone calls or text messaging). The produced records were, respectively, 1, 2 and 4 pages in length. The total number of pages processed and released by FERC in this time was therefore seven (7) pages.[1]

27. Defendant redacted these records, withholding the phone numbers for certain calls made or received on the phone provided for FERC business. For example, on Sarah Venuto's FERC-

---

[1] One of the bills released, for Chairman Richard Glick, showed he apparently is not using his FERC-assigned phone for calls and text correspondence (the latter which must by law be immediately produced to FERC). The area code-202 mobile phone number Mr. Glick has used from job to job as his principal phone is readily available in the public record and, Plaintiff states on information and belief, is the phone he is instead using for FERC calls and messaging. This request expressly covered FERC-issued mobile phones, and other requests address this practice by FERC officials, including but not limited to Mr. Glick.

provided phone, all but 4 of 90 calls were redacted. FERC claimed its redacted material was exempt under FOIA's b6 personnel file exemption. FERC's redactions inherently also improperly claim as exempt the identities of other parties with whom the relevant FERC official was communicating presumably on FERC business.

28. FERC further claimed it redacted "Personal cellular phone numbers, Commission staff's direct phone numbers, and individual account numbers," citing FOIA Exemption 6 and without elaborating what "individual account numbers" means.

29. On August 9, 2022, Plaintiff IER administratively appealed, challenging Defendant's b6 redactions and its processing of the request.

30. In its appeal, "IER challenge[d] the redactions on the grounds that such redactions and withholdings inescapably shield the identity of the party with whom the official spoke even though this most certainly is not, barring unique exception, privileged information. [IER] dispute[d] the application of the exemption as such, and also the unnecessary inefficiency and cost that this imposes given the inevitable requirement that FERC produce an index with this information justifying the redaction even if it continues with asserting the propriety of the redaction(s)."

31. IER similarly noted that "[h]iding the identity of each party also adds to the cost in the requester's and taxpayer time and resources by making this appeal necessary and, in the event FERC continues this practice without indicating the identity of the individuals involved (as with, e.g., Matthew Christiansen cell phone, Allison Clements direct office line, [Outside Activist name], etc.), makes a suit necessary to obtain an index asserting the identity of the party in each redaction with whom any redacted phone number on a possibly work-related call reflected on these bills is associated. FERC should instead save resources

by identifying the party with whom any redacted phone number on a possibly work-related call reflected on these bills is associated, and IER challenges this failure to do so given the identity of the party is not privileged and inevitably must be produced but at greater cost."

32. IER also administratively appealed FERC's "determination" as deficient within the meaning of *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 186 (D.C. Cir. 2013), for at least the following reasons:

    a. First, the "determination" did not specify the volume of future productions involving the same request or the exemptions that might be applied to future productions arising from the same request.

    b. Second, FERC's indication that some "volume of" records will be produced in future suggests that the agency has not already reviewed the entirety of the production and made a preliminary assessment of the volume of records involved or the number and nature of exemptions it might assert going forward.

    c. Third, the agency's proposed schedule to produce subsequent records, which this production indicated will be in very small installments taking likely two to five minutes each to process, did not meet FOIA's requirement that the records be made available "promptly."

33. FOIA requires the agency to make requested records available "promptly" and the schedule FERC is implementing in response to IER's request(s) violates that requirement.[2]

---

[2] Defendant's initial, risibly spare initial production of seven pages indicates that potentially responsive records for all three officials likely number at or below 80, in total (32 (Glick, possibly 33, and Chairman Glick apparently is not using his FERC-assigned phone but rather another, such that these are likely 1 page each, like the one produced), + 31 (Clements, possibly 32), + 14 (Venuto, possibly 15). This is neither an appreciable "volume of [] responsive documents" nor — given the page counts in the bills produced on July 28, 2022.

34. Processing a mere 7 pages of a claimed much larger (but unspecified or approximated) number of potentially responsive pages is a *prima facie* violation of FOIA, and FERC's chosen approach reflects an inherently unreasonable (and arbitrary and capricious) rate/speed for releasing such records in the face of a statute that dictates prompt action. This is particularly true given the records' small size, the nature of the record (phone bills) and FERC's chosen approach to this matter of redacting most phone numbers, all of which necessitates a much more expeditious processing than FERC has opted for in order to satisfy FOIA's requirements.

35. Defendant denied Plaintiff's administrative appeal by letter dated September 7, 2022.

36. In its denial, FERC stated to Plaintiff that these phone records, both outstanding in this request and any others, are not federal records, and that it need not in fact produce them. This turns FOIA on its head. FOIA's *exemptions from disclosure* are mostly discretionary for the agency, but nowhere does the law provide that whether a document is a record, such as are invoices prepared for an agency, is decided by an agency's discretion or subject to the grace of agency decisionmakers.

37. FERC's position that its phone bills are not agency records defies numerous precedents making clear that FOIA reaches documents even when they are "in the physical possession of a third party," such as those "produced by an independent contractor." See, e.g., *Chicago Tribune v. U.S. Dept. of Health & Human Services,* 1997 WL 1137641, *5 (N.D.Ill.1997). *Judicial Watch, Inc. v. U.S. Dept. of Energy,* 310 F.Supp.2d 271, 297 (D.D.C. 2004), *aff'd in part, rev'd in part,* 412 F.3d 125, 133 (D.C. Cir. 2005) (citing *Burka,* 87 F.3d 508, 515 (D.C. Cir.) (HHS had "constructive control" of data tapes in research firm's possession) and *Ryan,* 617 F.2d at 785 (FOIA can reach "operations" of "outside

contractors"). It also defies precedents requiring the government to query its databases in response to FOIA requests, *Ctr. for Investigative Reporting v. United States DOJ*, 14 F.4th 916 (9th Cir. 2021).

38. FERC's position is also grounded, inescapably, in an implausible claim that it never opens invoices but merely pays bills without looking at them or assessing their legitimacy. To the extent that the government reviews its bills in order to assess their legitimacy or requires its contractors to itemize their work and submit legitimate, verifiable invoices for payment out of the public fisc, precedent makes clear that the bills at issue must be agency records. See, e.g, *Berry v. Dep't of Justice*, 733 F.2d 1343, 1349 (9th Cir. 1984) (holding that an agency can constructively possess documents in the hands of third parties) and *Am. Small Bus. League v. United States SBA*, 623 F.3d 1052, 1053 (9th Cir. 2010) (for the proposition that if an agency "supervised" a telephone company in generating records, such records are government records).

39. Defendant's denial is erroneous for at least the following reasons:

    a.  FERC has unlawfully concluded that certain records generated by agency employees or prepared for agency employees or the agency itself are not agency records and are not subject to FOIA.

    b.  FERC continues to improperly and unlawfully withhold certain records and information therein, continues to improperly slow-walk its processing of IER's request for approximately 80 records each of which appears likely to be 4 pages or less, and typically 1-2 pages, thereby refusing to "promptly" process these or to provide a lawful "determination" within the meaning of FOIA and relevant precedents.

c. FERC continues to withhold phone numbers, including those of non-FERC personnel, under a provision designed to protect personnel-type information from disclosure, and by so doing improperly withholds the identities of those with whom FERC officials discuss FERC matters, on FERC resources and otherwise taxpayer time.

## FIRST CLAIM FOR RELIEF

### Duty to Produce Records – Declaratory Judgment

40. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

41. Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business.

42. Plaintiff has a statutory right to the information it seeks, and Defendant has unlawfully withheld the information.

43. Plaintiff is not required to further pursue administrative remedies.

44. Plaintiff asks this Court to enter a judgment declaring that:

a. Plaintiff is entitled to records responsive to its FOIA requests described above, and any attachments thereto, but Defendant has failed to provide the records;

b. FERC's processing of Plaintiff's FOIA requests described above is not in accordance with the law, and does not satisfy FERC's obligations under FOIA;

c. FERC must now produce records responsive to Plaintiff's requests, and must do so without cost to the Plaintiff.

## SECOND CLAIM FOR RELIEF
### Duty to Produce Records – Injunctive Relief

45. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

46. Plaintiff is entitled to injunctive relief compelling Defendant to produce the records responsive to the FOIA requests described herein.

47. Plaintiff is entitled to injunctive relief compelling Defendant to grant the Plaintiff's requests for a fee waiver.

48. Plaintiff asks the Court to enter an injunction ordering Defendant to produce to Plaintiff, within 20 business days of the date of the order, the requested records sought in Plaintiff's FOIA requests described above, and any attachments thereto, at no cost to the Plaintiff.

49. Plaintiff asks the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within 30 days after Plaintiff receives the last of the produced documents, addressing Defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with Plaintiff's challenges to FERC's withholdings, if any, and any other remaining issues.

## THIRD CLAIM FOR RELIEF
### Costs And Fees

50. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

51. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

52. This Court should enter an injunction or other appropriate order requiring the Defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

## PRAYER FOR RELIEF

Institute for Energy Research respectfully requests this Court:

1.  Assume jurisdiction in this matter, and maintain jurisdiction until the Defendant complies with FOIA and every order of this Court;

2.  Declare Defendant has violated FOIA by failing to provide Plaintiff with the requested information, by claiming certain records are not public records, failing to grant Plaintiff's requests for fee waiver, and/or by failing to notify Plaintiff of final determinations within the statutory time limit;

3.  Declare that the documents sought by the requests, as described in the foregoing paragraphs, are public records under 5 U.S.C. § 552 *et seq*. and must be disclosed;

4.  Order Defendant to expeditiously provide the requested records to Plaintiff within 20 business days of the Court's order;

5.  Award Plaintiff's attorneys their fees and other litigation costs reasonably incurred pursuant to 5 U.S.C. § 552(a)(4)(E); and

6.  Grant such other relief as this Court deems just and proper.

Respectfully submitted this the 9th day of September, 2022,

INSTITUTE FOR ENERGY RESEARCH
By Counsel:

Matthew D. Hardin, D.C. Bar No. 1032711[3]
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com

---

[3] Counsel's *Pro Hac Vice* application is being simultaneously filed herewith. Counsel anticipates being regularly admitted to the Bar of the U.S. District Court for the Southern District of Texas imminently, and has an appointment to take the oath of admission before a US District Court Judge on September 13.