UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| INSTITUTE FOR ENERGY RESEARCH,<br><br>     Plaintiff,<br><br>   v.<br><br>FEDERAL ENERGY REGULATORY COMMISSION,<br><br>     Defendant. | Case No. 6:22-cv-00036 |

## DEFENDANT'S ANSWER

Defendant Federal Energy Regulatory Commission ("Defendant"), through its undersigned counsel, sets forth its affirmative defenses and answers Plaintiff Institute for Energy Research's Complaint for Declaratory and Injunctive Relief ("Complaint") as follows.

1. This paragraph contains Plaintiff's characterizations of this action, to which no response is required.

2. This paragraph contains legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

4. Defendant admits that it is an independent agency of the United States government. Defendant denies the remaining allegations in this paragraph.

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. The remainder of the paragraph contains a legal conclusion regarding jurisdiction, to which no response is required.

6. This paragraph contains a legal conclusion regarding jurisdiction, to which no response is required.

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. The remainder of this paragraph contains a legal conclusion regarding venue, to which no response is required.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. The remainder of this paragraph contains a legal conclusion regarding venue, to which no response is required.

9. This paragraph contains a legal conclusion regarding administrative exhaustion, to which no response is required.

10. This paragraph contains a legal conclusion regarding administrative exhaustion, to which no response is required.

11. Defendant admits that Plaintiff's Freedom of Information Act ("FOIA") request is dated June 13, 2022. Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents.

12. This paragraph purports to recite a portion of Plaintiff's FOIA request. The document speaks for itself, to which no response is required.

13. This paragraph purports to recite a portion of Plaintiff's FOIA request. The document speaks for itself, to which no response is required.

14. Defendant admits that it acknowledged Plaintiff's FOIA request and assigned it reference number FOIA-2022-57. Defendant respectfully refers the Court to that communication for a complete and accurate statement of its contents.

15. Admitted.

16. Defendant admits that it did not respond to Plaintiff's request for fee reduction or waiver. However, Plaintiff was not assessed any fees by the Defendant.

17. Defendant admits that it produced 19 pages of documents to Plaintiff, which occurred on July 27, 2022, with redactions as permitted by the FOIA, 5 U.S.C. § 552 including utilizing FOIA Exemptions b5 and b6.

18. Defendant admits that it received Plaintiff's administrative appeal on August 9, 2022. Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents.

19. This paragraph purports to recite a portion of Plaintiff's FOIA administrative appeal. The document speaks for itself, to which no response is required.

20. Admitted.

21. Defendant admits that Plaintiff's FOIA request is dated June 14, 2022. Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents.

22. This paragraph purports to recite a portion of Plaintiff's FOIA request. The document speaks for itself, to which no response is required.

23. Admitted.

24. Admitted.

25. Defendant admits that it did not respond to Plaintiff's request for a fee reduction or waiver. However, Plaintiff was not assessed any fees by the Defendant.

26. Defendant admits that it produced 3 documents to Plaintiff. The remainder of this paragraph and its footnote contains Plaintiff's characterizations of the production, to which no

response is required, or allegations for which Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations

27. Defendant admits it redacted information in its production pursuant to FOIA Exemption 6, 5. U.S.C. § 552(b)(6). The remainder of this paragraph contains legal conclusions, to which no response is required.

28. This paragraph contains Plaintiff's characterizations of the production, to which no response is required. To the extent a response is required, these allegations are denied. Defendant respectfully refers the Court to the FY22-0058 Determination Letter for a complete and accurate statement of its contents.

29. Defendant admits that it received Plaintiff's appeal on August 9, 2022. Defendant respectfully refers the Court to that document for a complete and accurate statement of its contents.

30. This paragraph purports to recite a portion of Plaintiff's FOIA administrative appeal. The document speaks for itself, to which no response is required.

31. This paragraph purports to recite portions of Plaintiff's FOIA administrative appeal. The document speaks for itself, to which no response is required.

32. This paragraph purports to recite a portion of Plaintiff's FOIA administrative appeal. The document speaks for itself, to which no response is required. This paragraph also contains legal conclusions, to which no response is required.

33. This paragraph contains a legal conclusion, to which no response is required.

34. Defendant admits to producing seven pages of material and respectfully refers the Court to Defendant's Determination Letter for complete and accurate statement of its contents. As to the remainder of this paragraph, it contains legal conclusions, to which no response is required.

35. Admitted.

36. This paragraph purports to recite a portion of Defendant's appeal decision. Defendant respectfully refers the Court to that appeal decision for a complete and accurate statement of its contents. As to the remainder of this paragraph, it contains legal conclusions, to which no response is required.

37. This paragraph contains legal conclusions, to which no response is required.

38. This paragraph contains a legal conclusion, to which no response is required.

39. This paragraph contains legal conclusions, to which no response is required. To the extent a response is necessary, Defendant denies the Plaintiff's characterization of its FOIA response.

40. Defendant incorporates by reference its answers to all preceding paragraphs.

41. Defendant admits Plaintiff has sought FOIA records, and that such records were redacted pursuant to the FOIA Exemptions. The remainder of this paragraph contains Plaintiff's characterization of the records to which no response is required. To the extent a response is required, Defendant denies the remaining allegations.

42. This paragraph contains a legal conclusion, to which no response is required.

43. This paragraph contains a legal conclusion, to which no response is required.

44. This paragraph contains a prayer for relief, to which no response is required. To the extent that a response is required, Defendant denies that Plaintiff is entitled to the relief described in this paragraph, or to any relief whatsoever.

45. Defendant incorporates by reference its answers to all preceding paragraphs.

46. This paragraph contains a legal conclusion, to which no response is required.

47. This paragraph contains a legal conclusion, to which no response is required.

48. This paragraph contains a prayer for relief, to which no response is required. To the extent that a response is required, Defendant denies that Plaintiff is entitled to the relief described in this paragraph, or to any relief whatsoever.

49. This paragraph contains a prayer for relief, to which no response is required. To the extent that a response is required, Defendant denies that Plaintiff is entitled to the relief described in this paragraph, or to any relief whatsoever.

50. Defendant incorporates by reference its answers to all preceding paragraphs.

51. This paragraph contains legal conclusions, to which no response is required.

52. This paragraph contains Plaintiff's Prayer for Declaratory and Injunctive Relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief described in the Prayer for Declaratory and Injunctive Relief, or to any relief whatsoever.

Defendant denies each and every allegation in the Complaint that it has not expressly admitted or to which it has responded that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

## Affirmative Defenses

Plaintiff has failed to state a claim upon which relief can be granted.

Plaintiff seeks information under FOIA, 5 U.S.C. § 552, that is exempt from disclosure under the statute.

Plaintiff is not entitled to any information that is exempt from disclosure under FOIA, 5 U.S.C. § 552.

**WHEREFORE,** Defendant respectfully requests that this action be dismissed with prejudice and that the Court grant Defendant such other relief as may be appropriate.

DATED: October 27, 2022

Respectfully submitted,

JENNIFER B. LOWERY
United States Attorney

By: */s/ Myra Siddiqui*
Myra Siddiqui
Assistant United States Attorney
Southern District No. 3257790
Texas Bar No. 24106434
1000 Louisiana, Suite 2300
Houston, Texas 77002
Tel: (713) 567-9600
Fax: (713) 718-3303
E-mail: myra.siddiqui@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on October 27, 2022, the foregoing motion was filed and served on counsel of record through the Court's CM/ECF system.

*/s/ Myra Siddiqui*
Myra Siddiqui
Assistant United States Attorney